IN THE UNITED STATES DISTRICT OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
~~JONESBORO~~ DIVISION
NORTHERN

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 24 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLER

| | |
|---|---|
| DERRICK MOSS<br>*Plaintiff* § § § | |
| VS. § § § | CIVIL ACTION NO. 3:20-cv-00290KGB<br>**JURY TRIAL REQUESTED** |
| U.S. XPRESS INC. and<br>JIMMY R. PYLATE § § §<br>*Defendants* § | This case assigned to District Judge BAKER<br>and to Magistrate Judge VOLPE |

## PLAINTIFF'S ORIGINAL COMPLAINT

DERRICK MOSS, Plaintiff, by and through his attorneys, THOMAS J. HENRY LAW, PLLC, and MCDANIEL LAW FIRM, PLC, now comes before this Court and complains of U.S. XPRESS INC. and JIMMY R. PYLATE as follows:

### I. PARTIES

1. Plaintiff DERRICK MOSS is a citizen of Texas residing in Williamson County, Texas.

2. Defendant U.S. XPRESS INC. is a Tennessee corporation that maintains its principal place of business in Tennessee. Defendant U.S. XPRESS INC. is registered in Texas as a foreign for-profit corporation and may be served with process by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

3. Defendant JIMMY R. PYLATE is a citizen of Tennessee who may be served at his residence at 49 North Elysian Drive, Selmer, Tennessee 38375-2328, or wherever he may be found.

### II. STATEMENT OF JURISDICTION AND VENUE

4. Plaintiff DERRICK MOSS is a citizen of Texas. Defendant U.S. XPRESS INC. is a

       Tennessee corporation with its principal place of business in Tennessee. Defendant JIMMY R. PYLATE is a citizen of Tennessee. The amount of controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper under 28 U.S.C. §1391(B)(2) in that all of the acts and omissions forming the basis of this suit occurred in the Eastern District of Arkansas. The collision which is the basis of this suit occurred at or near Pocahontas, Arkansas.

6. Plaintiff requests a trial by jury.

### III.   SUMMARY

7. On February 16th, 2019, Plaintiff DERRICK MOSS was parked in a Walmart parking lot in Pocahontas, Arkansas. As Plaintiff changed clothes, in a standing position, in the sleeper birth of his Freightliner truck, he heard and felt a loud crash at the front-left of his tractor. The impact suddenly and violently threw Mr. Moss forward then Mr. Moss collided with the truck's gear shifter and dashboard before falling to the cab floor. After gathering himself, Plaintiff looked out his front driver's side window to see the towed trailer of the tractor, driven by Defendant JIMMY R. PYLATE, jammed against his driver's side door and front side quarter panel. After exiting his truck, Plaintiff surveyed the damage then encountered Defendant JIMMY R. PYLATE, who apologized and said "I didn't see your truck there." At the time of the collision with Plaintiff's tractor, Defendant JIMMY R. PYLATE drove his tractor trailer in the course and scope of his employment with Defendant U.S. XPRESS INC. The collision caused Plaintiff to sustain severe bodily injuries requiring extensive medical treatment, as more fully set forth below.

8. It is clear that Defendant driver JIMMY R. PYLATE was distracted prior to this

collision. Whether by a lack of sleep, a communication device or cell phone or by something else, Defendant driver somehow "didn't see" Plaintiff's parked Freightliner truck and crashed into the driver's side of Plaintiff's cab, violently throwing Plaintiff forward in his truck and directly causing the severe injuries suffered by Plaintiff. It is impractical to imagine that Defendant JIMMY R. PYLATE's inability to see a stationary Freightliner truck in a parking lot could possibly be due to anything but negligence and/or distracted driving on the part of Defendant driver JIMMY R. PYLATE.

### IV.   COUNT I – NEGLIGENCE OF JIMMY R. PYLATE

9. Plaintiff incorporates by reference herein all allegations as set forth in the above paragraphs.

10. On February 16th, 2019, while legally parked in the parking lot of a Walmart store in Pocahontas, Arkansas, Plaintiff DERRICK MOSS stood in the sleeper birth of his Freightliner truck.

11. Defendant JIMMY R. PYLATE operated the U.S. XPRESS tractor trailer in the same Walmart parking lot in which Plaintiff's truck was parked in Pocahontas, Arkansas.

12. At all times relevant hereto, Defendant JIMMY R. PYLATE acted within the course and scope of his employment with Defendant U.S. XPRESS INC.

13. Defendant JIMMY R. PYLATE operated the tractor-trailer in a negligent matter and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout while travelling in the parking lot or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

  c. in failing to control speed while travelling through the parking lot;

  d. in operating his truck at a rate of speed greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

  e. in failing to maintain an assured clear distance from Plaintiff's vehicle while encountering it in the parking lot so that a collision would not occur;

  f. in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle;

  g. in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

  h. in failing to properly maintain his commercial vehicle in that it could safely operate; and

  i. in failing to turn the vehicle to avoid the collision in question.

14. Each of these acts and/or omissions of Defendant JIMMY R. PYLATE, whether taken singularly or in any combination constitute negligence, which proximately caused the collision with its resulting injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer for the foreseeable future, if not for the remainder of his natural life.

### V. COUNT II - GROSS NEGLIGENCE OF JIMMY R. PYLATE

15. Plaintiff incorporates by reference herein all allegations set forth in the above paragraphs.

16. Defendant JIMMY R. PYLATE's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the grave risks involved by driving through a parking lot at an unsafe speed, without keeping proper lookout, or while distracted but, nevertheless, proceeded in conscious indifference to the rights, safety, or

welfare of Plaintiff or others similarly situated.

17. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence and gross negligence, which proximately caused the collision. They also proximately caused the resulting injuries and other losses, as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer for the foreseeable future, if not for the remainder of his natural life.

### VI.   COUNT III – RESPONDEAT SUPERIOR / NEGLIGENCE OF U.S. XPRESS INC.

18. Plaintiff incorporates by reference herein all allegations set forth in the above paragraphs.

19. Defendant U.S. XPRESS INC. is liable under the theory of *respondeat superior* in that Defendant JIMMY R. PYLATE acted within the course and scope of his employment with Defendant U.S. XPRESS INC. at the time the incident occurred. At a minimum, Defendant JIMMY R. PYLATE operated a commercial motor vehicle under Defendant U.S. XPRESS INC.'s motor carrier number and was a statutory employee.

20. Defendant U.S. XPRESS INC. is responsible for the acts and/or omissions of Defendant JIMMY R. PYLATE, which whether taken singularly or in any combination, constitute negligence and gross negligence, which proximately caused the collision. They also proximately caused the resulting injuries and other losses, as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer for the foreseeable future, if not for the remainder of his natural life.

### VII.   COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING / ENTRUSTMENT OF U.S. XPRESS INC.

21. Plaintiff incorporates by reference herein all allegations set forth in the above paragraphs.

22. Defendant U.S. XPRESS INC. was independently negligent in one or more of the

following aspects:

    a. Negligent hiring;

    b. Negligent entrustment;

    c. Negligent driver qualifications;

    d. Negligent training and supervision;

    e. Negligent retention;

    f. Negligent management; and

    g. Negligent contracting.

23. Defendant U.S. XPRESS INC. is liable for the negligent entrustment of its commercial vehicle to JIMMY R. PYLATE. Defendant U.S. XPRESS INC. owned the vehicle operated by JIMMY R. PYLATE at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant U.S. XPRESS INC. negligently entrusted its vehicle to JIMMY R. PYLATE, whom Defendant U.S. XPRESS INC. knew or should have known was an incompetent and/or reckless driver. Defendant U.S. XPRESS INC. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle.

24. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence, which proximately caused the collision. They also proximately caused the resulting injuries and other losses, as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer for the foreseeable future, if not for the remainder of his natural life.

### VIII.   COUNT V - GROSS NEGLIGENCE OF U.S. XPRESS INC.

25. Plaintiff incorporates by reference herein all allegations set forth in the above paragraphs.

26. Defendant U.S. XPRESS INC.'s conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

27. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence, which proximately caused the collision. They also proximately caused the resulting injuries and other losses, as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer for the foreseeable future, if not for the remainder of his natural life.

## IX.   DAMAGES

28. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff DERRICK MOSS suffered severe bodily injury to his neck, back, and other parts of his body generally that have required extensive medical treatment. The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.

29. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

30. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the

injuries directly resulting from the aforementioned collision. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

31. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention. Plaintiff Derrick Moss will incur future reasonable and necessary expenses for his medical care and attention.

## X.   PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff is entitled to damages from the Defendants. Plaintiff prays that judgment be entered in his favor, against the Defendants as follows:

   a. Pain and suffering in the past;

   b. Pain and suffering in the future;

   c. Mental anguish in the past;

   d. Mental anguish in the future;

   e. Past medical expenses;

   f. Future medical expenses;

   g. Physical impairment in the past;

   h. Physical impairment in the future;

   i. Physical disfigurement in the past;

   j. Physical disfigurement in the future;

   k. Lost wages in the past;

   l. Lost wages in the future;

   m. Loss of past and future wage-earning capacity;

   n. Property damages and diminution in value of property;

  o. Loss of use;

  p. Pre-judgment interest;

  q. Post-judgment interest; and

  r. Exemplary damages.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

          Respectfully submitted,

          **LAW OFFICES OF THOMAS J. HENRY, PLLC**
          P.O. Box 696025
          San Antonio, Texas 78269
          (210) 656-1000 – Telephone
          (361) 985-0601 – Facsimile
          */s/ Jeff Work*

          **JEFFERY K. WORK**
          Motion Pro Hac Vice to be filed in the
          Eastern District of Arkansas
          Federal Bar No. 10952
          Texas Bar No. 21998700
          *email: jwork-svc@thomasjhenrylaw.com

**\* service by email to this address only**

          **MCDANIEL LAW FIRM, PLC**
          400 South Main Street
          Jonesboro, AR 72401
          (870) 336-4747 – Telephone
          (870) 932-0919 – Facsimile

          **BOBBY MCDANIEL**
          Federal Bar No. 72083
          Arkansas Bar No. 72083
          email: bobby@mcdaniellawyers.com
          **ATTORNEYS FOR PLAINTIFF,**
          **DERRICK MOSS**