IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DERRICK MOSS**                                                                                          **PLAINTIFF**

v.                                          Case No. 3:20-cv-00290-KGB

**U.S. XPRESS, INC., and**
**JIMMY R. PYLATE**                                                                                  **DEFENDANTS**

### AGREED PROTECTIVE ORDER REGARDING
### USX AND PYLATE DOCUMENTS

Plaintiff Derrick Moss has served discovery requests on defendants U.S. Xpress, Inc. ("USX"), and Jimmy R. Pylate ("Pylate") wherein he *inter alia* requested confidential or proprietary records, including certain internal documents and personnel records. USX and Pylate submitted responses to these requests, *inter alia*, by providing many documents but objecting to providing information that is confidential, private, or proprietary. However, defendants did agree to turn over certain documents provided that they be produced subject to a suitable Protective Order.

The Court finds as follows:

1. Pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), a protective order should issue with regard to the production of certain proprietary or otherwise confidential records that USX or Pylate has produced or agreed to produce (subject to this Order) including certain internal documents and personnel-related materials (henceforth all collectively referred to as the "protected materials") in connection with this litigation.

2. Defendants USX and Pylate shall designate any protected materials by writing or stamping the words "protected materials" or other similar designation on the document being produced.

3. The protected materials produced during the discovery and litigation of this matter shall not be disclosed by plaintiff, by his counsel or representatives, or by his witnesses to any person *other than* to counsel for the parties and counsel's employees actively engaged in the conduct of this litigation, to any experts retained for the purpose of assisting counsel in trial preparation for this case, and to those specific witnesses who may testify in this action about topics pertaining to the protected materials *provided that* prior to disclosure, each individual to whom disclosure is made is advised of, and specifically agrees to abide by, this Order by executing a Confidentiality Acknowledgement in the form attached hereto as Exhibit A.  The protected materials shall not be distributed for use in connection with any other claim or litigation absent specific written authorization of USX or Pylate.  If any of these protected materials are filed with the Court, the documents must be filed under seal.  If utilized in depositions, the court reporter shall be notified that such documents will be kept confidential and attached under cover.  Nothing in this Order affects the admissibility of any such documents at trial as ruled upon by the Court pursuant to the Federal Rules of Evidence.

4. The entry of this Order shall not affect or otherwise limit other protective orders entered in this case.  The non-disclosure provisions of this Order shall not terminate at the conclusion of this action.  Also, any disclosure shall be made in a manner such that the confidential information does not become a matter of public record unless plaintiff is granted authorization by this Court to introduce the protected material into evidence at trial.  Furthermore, in the event that any protected material *is* ultimately used in any Court proceedings, it shall not lose its proprietary or confidential status through such use.

5. Any party may request that any document containing protected materials be filed under seal.

6. Within 40 days after final conclusion of all aspects of this litigation, all protected materials (and all copies thereof) shall be returned to counsel for USX and Pylate together with a certificate of compliance signed by plaintiff's counsel; however, it is agreed that plaintiff's counsel may (for a period of three years) retain one copy of all protected materials for counsel's file, which will be kept confidential until destroyed no later than three years after all aspects of this litigation have concluded.

7. All lingering issues, if any, regarding disclosure or production of other documents (for which agreement among the parties has *not* been reached) shall be addressed by separate order.

IT IS SO ORDERED this 9th day of June, 2021.

_____
Kristine G. Baker
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**DERRICK MOSS**                                                                                          **PLAINTIFF**

**v.**                             **Case No. 3:20-CV-00290-KGB**

**U.S. XPRESS, INC., and**
**JIMMY R. PYLATE**                                                                              **DEFENDANTS**

## CONFIDENTIALITY ACKNOWLEDGEMENT

I have been designated by plaintiff (or by his counsel) as a person who may have access to "Protected Materials" as that term is defined in the Agreed Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Protected Materials" or "Confidential" under the Order.  I agree not to copy any documents or information that have been designated as "Protected Materials" or "Confidential" and disclosed to me.  I further agree not to disclose such documents or information to any person or entity not authorized under the Order to view such materials.

Following completion of this case, I will promptly return any and all such "Protected Materials" to counsel for plaintiff Derrick Moss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _____ day of _____, 202__.

_____
Name

_____
Address

**EXHIBIT A**

4