**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DERRICK MOSS**                                                                          **PLAINTIFF**

**v.**                                   **Case No. 3:20-cv-00290-KGB**

**U.S. XPRESS, INC., and
JIMMY R. PYLATE**                                                                        **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are the motion for contempt and supplement to motion for contempt filed by defendants U.S. Xpress, Inc. and Jimmy Pylate (Dkt. Nos. 37; 39).  For the following reasons, the Court denies the motions (Dkt. Nos. 37; 39).

Based on the record before the Court, Jeffery K. Work and Travis E. Venable of the Law Offices of Thomas J. Henry, PLLC, represent plaintiff Derrick Moss.  The Court refers to these two lawyers collectively as Texas counsel.  Mr. Work is admitted *pro hac vice* in this case and still remains counsel of record; he still appears as an attorney at the Law Offices of Thomas J. Henry, PLLC.  Mr. Venable filed a pleading on behalf of Mr. Moss, but Mr. Venable during the pendency of this litigation and to date has never complied with the procedures set forth in Local Rule 83.5 of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* for *pro hac vice* admission.  Mr. Venable has received correspondence from this Court reminding him of this obligation to comply and still has failed to do so.

Mr. Moss has had local Arkansas counsel during this case, too, and that local Arkansas counsel changed during the pendency of this case.  Arkansas counsel Bobby R. McDaniel who previously represented Mr. Moss was terminated as counsel on July 28, 2021 (Dkt. Nos. 25; 29), and Arkansas counsel Darryl E. Baker entered his appearance for Mr. Moss on July 9, 2021 (Dkt. Nos. 24; 29).

The pending motion for contempt stems from language in a joint motion for protective order (Dkt. No. 20).  When the joint motion was filed, it was executed by Mr. Venable and Mr. McDaniel on behalf of Mr. Moss (*Id.*).  In June 2021, the Court entered the parties' joint, agreed protective order requiring in pertinent part:

> Within 40 days after final conclusion of all aspects of this litigation, all protected materials (and all copies thereof) shall be returned to counsel for USX and Pylate together with a certificate of compliance signed by plaintiff's counsel; however it is agreed that plaintiff's counsel may (for a period of three years) retain one copy of all protected materials for counsel's file, which will be kept confidential until destroyed no later tan three years after all aspects of this litigation have concluded.

(Dkt. No. 21, at 3).  This case settled in November 2021 (Dkt. No. 35), and the Court dismissed with prejudice the action in February 2022 (Dkt. No. 36).  The motion for contempt was filed in July 2022 (Dkt. No. 37).  The supplement to the motion was filed in February 2023 (Dkt. No. 39).

In his most recent filing, Mr. Moss through his Arkansas counsel acknowledges that neither Mr. Moss nor his Arkansas counsel have documents in their possession that are the subject of the motion and that such documents "were returned several months ago and long before the Motion was filed." (Dkt. No. 40, at 1).  Mr. Moss through his Texas counsel concurs that "Plaintiffs have complied with the order and returned all the necessary documents. . . ." (Dkt. No. 42, at 1).  Further, it appears to the Court that defendants acknowledge that protected materials have been returned by Mr. Moss's counsel, although there might be some dispute as to when those documents were returned and the necessity of filing a motion for contempt to seek the return of the documents (Dkt. No. 45, at 1).  Mr. Moss concedes the documents were sent on July 13, 2022, which the Court observes was one day after the motion for contempt was filed (Dkt. No. 42, at 2).

Defendants persist in their request to have Texas counsel provide the requisite certification contemplated by the protective order (Dkt. No. 45, at 3).  The requisite certification, in defendants'

view, requires counsel with personal knowledge to attest to whether any documents shared with Mr. Moss or with any third party had indeed been returned to defendants (Dkt. No. 45, at 2).

Based on filings before the Court, it appears that Mr. Work left the Law Offices of Thomas J. Henry, PLLC, at some point during the pendency of this litigation (Dkt. No. 42, at 1).  Mr. Venable admits he is not admitted to practice in Arkansas and to date has not complied with the requirements for *pro hac vice* admission (*Id.*, at 1–2).  As a result, the Court understands that Texas counsel Mr. Venable requested that Arkansas counsel Mr. Baker execute the certification and file it in response to the pending motion to compel (*Id.*).  Mr. Baker, who the record indicates first entered his appearance after the protective order was executed and entered and who the Court understands never had possession of the documents subject to the protective order, represents in his response what he is able to represent based on his "best knowledge and belief" but admits to "no personal knowledge of this" and "cannot attest to it." (Dkt. No. 40).

Under these circumstances, having considered the entire record before the Court and accepting that lawyers are officers of the Court, under the facts and circumstances of this case, the Court denies the motion for contempt and supplement to the motion for contempt (Dkt. Nos. 37; 39).  Recognizing that from the record before the Court defendants attempted through correspondence to resolve this dispute but were required to file a motion for contempt before Mr. Moss returned documents in compliance with the protective order, the Court awards reasonable attorneys' fees to defendants for filing the motion for contempt (Dkt. No. 37) to be paid by the Law Offices of Thomas J. Henry, PLLC.  Defendants have 10 days from the entry of this Order to submit a petition for fees to which Mr. Moss may respond, if he chooses to do so.

It is so ordered this 30th day of March, 2023.

Kristine G. Baker
United States District Judge